THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

AK VICTORY, INC.,

CASE NO. C24-0426-JCC

10

          Plaintiff,

ORDER

11

    v.

12
13

PIDOR DUOP,

14

          Defendant.

15

     This matter comes before the Court on Defendant Pidor Duop's motion to dismiss or stay

16

this declaratory relief action (Dkt. No. 9). Having thoroughly considered the briefing and the

17

relevant record, the Court GRANTS in part and DENIES in part Mr. Duop's motion (Dkt. No. 9)

18

and STAYS the action for the reasons discussed below.

19

**I.       BACKGROUND**

20

     According to the complaint, Mr. Duop injured his leg in June 2022 while working as a

21

seaman on a fishing vessel owned by Plaintiff, AK Victory, Inc. (Dkt. No. 1 at 2–3.) Mr. Duop

22

attempted to board the vessel by a gangway and fractured his leg. (Dkt. Nos. 1 at 3, 11 at 4.) AK

23

Victory provided maintenance (a stipend during recovery) and cure (payment for medical

24

treatment) for the acute injuries, as of right under maritime law. (Dkt. No. 1 at 3.) Mr. Duop

25

showed signs of recovery and was released from treatment around February 2023. (Dkt. No. 11

26

at 4–6.) Maintenance and cure were suspended because a physician determined Mr. Duop had

ORDER
C24-0426-JCC
PAGE - 1

reached "maximum cure." (*Id.* at 7.) In October 2023, Mr. Duop experienced renewed leg pain. (*Id.*) Maintenance and cure were reinstated. (*Id.*) In February 2024, Mr. Duop also sought treatment for lower back pain. (Dkt. No. 11 at 7.) He brought this to AK Victory's attention, who disputed, in an email exchange ending March 26, whether Mr. Duop's back pain stemmed from the gangway injury. (*Id.* at 7–8.)

AK Victory filed suit in this Court on March 28, seeking a declaration that Mr. Duop's back condition does not stem from the gangway injury. (*See generally* Dkt. No. 1.) On April 29, Mr. Duop filed a personal injury suit in King County Superior Court against AK Victory, Inc., and Ocean Peace, Inc., for claims including Jones Act negligence, unseaworthiness, and additional maintenance for March to October 2023. (*See* Dkt. No. 9 at 14–27.) Mr. Duop later amended his complaint to include his back condition. (*See* Dkt. No. 14-1 at 19.) This suit remains pending. *See Duop v. Ocean Peace, Inc.*, King County Superior Court Cause No. 24-2-09360-5 SEA (2024).

Mr. Duop now seeks to dismiss AK Victory's declaratory judgment action or, in the alternative, a stay pending the action in state court. (*See generally* Dkt. No. 9.)

## II.     DISCUSSION

In seeking a declaratory judgment, AK Victory seeks to clarify a legal obligation to Mr. Duop. *See* 28 U.S.C. § 2201. Such an award would at least sever Mr. Duop's entitlement to additional maintenance and cure for his back condition. *See generally Farrell v. U.S.*, 336 U.S. 511, 516 (1949) (right to maintenance and cure only extends to injuries suffered while in the service of the ship). Whether such relief should be granted is left to the discretion of the Court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). And when a declaratory judgment is sought concurrent to state court litigation on the same matter, a "stay will often be the preferable course." *Id.* n.2. That is because concurrent federal and state proceedings present thorny issues of judicial administration, comity, and fairness to the litigants. *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). These issues are compounded here by the tripartite nature of a typical seaman's injury claim. *See Fitzgerald v. U.S. Lines Co.*, 374 U.S. 16, 18 (1963)

1   (explaining that seaman frequently bring claims for Jones Act, unseaworthiness, and

2   maintenance and cure arising out of a single injury); *see also Royal Caribbean Cruises, Ltd. v.*

3   *Whitefield*, 664 F. Supp. 2d 1270, 1275–77 (S.D. Fla.). Courts in both contexts tend to reject

4   duplicative litigation. *Compare Chamberlain*, 931 F.2d at 1367 ("the Court no doubt wanted to

5   avoid duplicitous litigation"), *with Fitzgerald*, 374 U.S. at 19–20 (finding it "wasteful" to utilize

6   more than a single trier of fact for seaman's injury claims.)

7           Some courts have avoided the issues by dismissing the declaratory suit entirely. *See Belle*

8   *Pass Towing Corp. v. Cheramie*, 763 F. Supp. 1348, 1353 (E.D. La. 1991). But, ordinarily, a stay

9   is preferable to dismissal. *Wilton*, 515 U.S. at 288 n.2; *see Starlight Marine Servs., Inc. v.*

10  *Thompson*, 2020 WL 290923, slip op. at 2 (W.D. Wash. 2020) (collecting cases). Three factors

11  guide the inquiry of whether federal declaratory relief is appropriate despite ongoing state

12  litigation. First, federal courts should avoid needless determinations of state law. *Chamberlain*,

13  931 F.2d at 1367. Second, courts should not reward forum shopping. *Id.* And third, courts should

14  avoid duplicative litigation, *id.*, especially that which may have preclusive effect on a state court

15  proceeding. *See Belle Pass Towing Corp.*, 763 F. Supp. at 1354–55. If a federal suit for

16  declaratory relief raises any of these issues, abstention may be warranted.

17          First, state law determinations are very unlikely to be a concern in a maritime context.

18  *See Glacier Fish Co. v. Becerra-Valverde*, 345 F. Supp. 3d 1340, 1346 (W.D. Wash. 2018).

19  Here, the Court would only consider substantive maritime law to determine AK Victory's

20  maintenance and cure obligations. *See Coastal Alaska Premier Seafoods, LLC v. Redfern*, 2018

21  WL 2216191, slip op. at 2 (W.D. Wash. 2018). State law would be largely irrelevant. This factor

22  weighs in AK Victory's favor.

23          Second, the procedural posture of this case presents a closer issue (as it relates to a

24  concern over forum shopping). The parties present this Court with two accounts of who went

25  shopping—though there is no dispute who won the race. AK Victory filed suit first, one month

26  before Mr. Duop did so in state court. But AK Victory was already aware of his claims

(including for back pain) because of preliminary e-mails between counsel. (*See* Dkt. No. 11 at 7–

ORDER
C24-0426-JCC
PAGE - 3

8.) This case is not dissimilar from *Coastal Alaska Premier Seafoods*, where this Court observed that the first-filed party seeking declaratory relief appeared to be "attempting to defeat [Defendant's] right to the venue of his choosing." 2018 WL 2216191, slip op. at 2.[1] This weighed in favor of that defendant, *id.*, as it does Mr. Duop here. The cases AK Victory cites in their favor are unpersuasive. (*See* Dkt. No. 11 at 12.) Mr. Duop filed his suit one month after AK Victory, whereas defendants in *Glacier Fish Co.* and *First Shipmor Assocs. v. Musa*, for example, filed one year later and four months later, respectively. *See* 345 F. Supp. 3d at 1344; 1993 WL 181382, slip op. at 1 (N.D. Cal. 1993). The timing here, which is closer to that in *Coastal Alaska*, 2018 WL 2216191, slip op. at 1 (one week), suggests Mr. Duop's good faith attempt to exercise his to recovery in a forum of his choosing. AK Victory, on the other hand, appears to have raced to federal court to avoid litigation in that forum. The second factor, therefore, weighs in favor of Mr. Duop.

Third, it would be a poor expenditure of judicial resources for this Court to consider and reach similar issues to the state court. AK Victory focuses on a distinction between the claims for injury to Mr. Duop's leg and back. (*See, e.g.,* Dkt. No. 11 at 2, 3, 8, 17.) They say that considering the back injury will not lead to duplicative litigation because Mr. Duop disclaimed any back injuries in his initial state court complaint. (*Id.* at 13–14.) Although he has amended his complaint to allay this concern, (Dkt. No. 14-1 at 19), this distinction would not necessarily have impacted the propriety of these proceedings. The absence of a particular claim does not defeat the abstention principle built around judicial economy. The plaintiff in *Starlight Marine Services*, for example, tried to persuade the court that the issues in the declaratory action were "not identical" to those before the state court. 2020 WL 290923, slip op. at 3. That court was not

---

[1] Seamen like Mr. Duop are preserved common law remedies under the "saving to suitors" clause. *See* 28 U.S.C. § 1333(1). Additionally, the Jones Act grants the right to a jury trial for negligence claims. 46 U.S.C. § 30104(a). These statutory rights have been interpreted to vest a seaman with their choice to proceed with a jury in state court or without one in federal court. *See Glacier Fish Co.*, 345 F. Supp. 3d at 1345. A federal declaratory action may circumvent this right. *Starlight Marine Servs.*, 2020 WL 290923, slip op. at 2.

1    persuaded, finding the matters intertwined and that the federal litigation would not resolve the

2    state court action, either. *Id.* at 2–3.[2] This weighed in favor of the defendant. *Id.* Similarly here,

3    AK Victory does not suggest that the state court action will be resolved by a decision here—

4    quite the opposite. (*See* Dkt. No. 11 at 13–14.)

5          Mr. Duop's claims for his back and leg turn on whether these injuries linger and were

6    caused by the gangway incident. As demonstrated by the early briefing here, both federal and

7    state courts will need to wade into a medical morass of treatment reports, doctor testimony, and

8    forensic experts to understand the impacts of the gangway incident. (*See, e.g.,* Dkt. Nos. 11 at 4–

9    8, 14-1 at 4–7.)  In addition, findings in this matter (such as the nature and extent of Mr. Duop's

10   injuries, his employment status, and causation) may have preclusive effect on Mr. Duop's state

11   court claims. *See Belle Pass Towing Corp*, 763 F. Supp. at 1355. Judicial economy and comity

12   counsel against this voyage. Therefore, the third factor weighs heavily for Mr. Duop.

13         Based on the weight of these factors, the Court FINDS that a stay of this matter, pending

14   disposition of Mr. Duop's personal injury suit, is warranted.

15   **III.    CONCLUSION**

16         For the foregoing reasons, Mr. Duop's motion to dismiss or alternatively stay (Dkt. No.

17   9) is GRANTED in part and DENIED in part. The Court STAYS the matter pending resolution

18   of the state court proceeding. The parties are DIRECTED to provide this Court with a joint status

19   report within 30 days pending disposition of that proceeding.

20

21   ───────────────────

22   [2] AK Victory cites *Musa* for the proposition that declaratory relief should be considered when
     the federal and state maritime actions raise distinct issues. (Dkt. No. 11 at 14.) But *Musa* itself
23   recognized that there is a "presumption that the entire suit should be heard in state court." 1993
     WL 181382, slip op. at 1–2. And *Musa* was "unusual" because the dispute in federal court was
24   strictly over one period of unpaid maintenance and cure. *Id.* at 1. In addition, the federal plaintiff
     deposited the disputed amount (several thousand dollars) into the court's registry pending
25   litigation. *Id.* Here, AK Victory here has not deposited what would be due for Mr. Duop's back
     condition, nor does that amount seem ascertainable based on time or treatment. Unlike *Musa*,
26   this case presents similar medical facts and issues as the state case. That creates very likely, if
     not certain, duplicative litigation.

ORDER
C24-0426-JCC
PAGE - 5

1

DATED this 1st day of October 2024.

2

3

4

5

John C. Coughenour
UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER
C24-0426-JCC
PAGE - 6